```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

PUBLIC SERVICE TOWERS, INC.,    *

     Plaintiff,                 *

vs.                             *    CASE NO. 4:14-CV-96 (CDL)

BEST BUY STORES, L.P.,          *

     Defendant.                 *
```

O R D E R

Plaintiff Public Service Towers, Inc. alleges that Defendant Best Buy Stores, L.P. built a large retaining wall that encroaches on Public Service's property. Public Service originally filed a trespass action in this Court on July 3, 2008 seeking $125,000 in damages. Compl. 5 ¶ 2, *Public Service Towers, Inc. v. Best Buy Stores, L.P.*, ECF No. 1 in M.D. Ga. Case No. 4:08-CV-92-CDL. Subject matter jurisdiction was based on diversity of citizenship. *Id.* at 2 ¶ 4. During discovery, Public Service determined that it was "unlikely to be able to satisfy the $75,000 diversity jurisdictional requirement of 28 U.S.C. § 1332(a)." Pl.'s Mot. to Remand 1, ECF No. 18 in M.D. Ga. Case No. 4:08-CV-92-CDL. Consequently, Public Service filed a motion to remand. Best Buy did not oppose remand, and the

Court "remanded the action" to the Superior Court of Muscogee County, Georgia on April 15, 2009.[1]

The action remained pending in the Superior Court for almost five years, after which Best Buy filed a notice of removal on April 16, 2014 contending that the amount in controversy now exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a).  Public Service seeks remand because Best Buy did not remove the action within a year after it was commenced in the state court.  As discussed below, Public Service's Motion to Remand (ECF No. 8) is granted.

## DISCUSSION

"Best Buy bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Because Public Service did not plead "a specific amount of damages" after it represented to the Court that the amount in controversy did not exceed $75,000, Best Buy "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."  *Id.* Under the law in effect when this action was commenced in the state court, a state court action that was not initially removable could be removed within thirty days after the

---

[1] In actuality, this Court's Order of "remand" would have operated as a dismissal without prejudice for lack of subject matter jurisdiction since the action originated here and not in state court.  And the subsequent action in the Superior Court of Muscogee County would have been a new state court action.

defendant received "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b) (2010). But "a case may not be removed" based on diversity jurisdiction "more than 1 year after commencement of the action." *Id*.[2]

Public Service submitted a settlement demand of $160,000 to Best Buy on March 17, 2014, and Best Buy filed its notice of removal within thirty days of receiving that demand. According to Best Buy, the settlement demand is an honest assessment of the value of Public Service's claim. The Court therefore assumes for purposes of this motion that the settlement demand is an "other paper from which it may first be ascertained that the case . . . has become removable." *Id*.

The remaining question is whether § 1446(b)'s one-year bar applies. Several district courts have applied the doctrine of equitable estoppel and "permitted a defendant to remove an action more than one year after its commencement where the plaintiff engaged in bad faith manipulation of the state court's jurisdiction." *Thompson v. Belk, Inc.*, No. 1:13-cv-1592-WSD,

---

[2] The law has since been updated to provide that a case may not be removed based on diversity jurisdiction "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Federal Courts Jurisdiction & Venue Clarification Act of 2011, Pub. L. 112-63, § 103(b)(3)(C), 125 Stat. 758, 760; *id.* § 205(2), 125 Stat. at 764-65 (noting that amended law applies to cases commenced on or after December 7, 2011).

2013 WL 5786587, at *2 (N.D. Ga. Oct. 28, 2013) (collecting cases); *accord Barnett v. Sylacauga Autoplex*, 973 F. Supp. 1358, 1367 (N.D. Ala. 1997); *cf.* 28 U.S.C. § 1446(c)(3)(B) (2014) (stating that bad faith exists if "the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal"). In *Thompson*, for example, the plaintiff knew that the amount in controversy exceeded $75,000 but did not respond to discovery requests regarding the amount of damages, thus preventing removal within the one-year period. *Thompson*, 2013 WL 5786587, at *3. The court concluded that the plaintiff had acted in bad faith and was equitably estopped from relying on the one-year bar. *Id.; see also Morrison v. Nat'l Benefit Life Ins. Co.*, 889 F. Supp. 945 (S.D. Miss. 1995) (finding bad faith where the plaintiff's discovery responses "concealed the material fact that he intended to seek $1,951,000 more in damages than he revealed in his original complaint").

Here, Best Buy did not point to any evidence that Public Service intentionally concealed the amount of damages to avoid removal. It is true that as of March of 2014, Public Service believed its claim may be worth more than the $75,000 jurisdictional threshold. But Best Buy pointed to no evidence that Public Service acted in bad faith by concealing the true amount in controversy during the five years this action was pending in the state court. There is no evidence that Public

4

Service knowingly misrepresented the value of its claim in 2009 when it represented to the Court that the amount in controversy was less than $75,000 "in light of falling commercial land values." Pl.'s Mot. to Remand 2.  There is no evidence that the amount in controversy clearly exceeded $75,000 within a year after the state court action was commenced.  And there is no evidence that Public Service falsely responded to discovery requests regarding the amount of damages.  For all of these reasons, the Court finds that Best Buy has not met its burden of establishing that Public Service acted in bad faith.  Therefore, Best Buy's attempted removal of this action over one year after it was commenced was not proper, and Public Service's motion to remand (ECF No. 8) is granted.

Based on the foregoing, the Clerk is directed to remand this action to the Superior Court of Muscogee County, Georgia.

IT IS SO ORDERED, this 24th day of June, 2014.

                                         S/Clay D. Land
                                          CLAY D. LAND
                             UNITED STATES DISTRICT JUDGE